1   STEPHEN C. TEDESCO, 130325
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108
    Telephone:    415.433.1940
4   Facsimile:    415.399.8490

5   Attorneys for Defendant
    MODIS, INC.

6

7

E-filing

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

LB

10  CHESTER J. HOGAN, JR.,                Case No.

11              Plaintiff,               **CV 11 3236**

12         v.

13  MODIS, INC., a corporation dba in     (San Francisco Superior Court Case No.
    California as MODIS, INC., E*TRADE     CGC-11-511307)
14  FINANCIAL ADVISORY SERVICES,
    INC., a corporation dba in California as   **DEFENDANT MODIS, INC.'S NOTICE OF**
15  E*TRADE FINANCIAL ADVISORY            **REMOVAL**
    SERVICES, INC., and DOES 1-10,
16  inclusive,                            **[DIVERSITY** 28 U.S.C. §§ 1332(A), 1441(A)]

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant MODIS, INC. hereby removes the above-entitled action, Case No. CGC-11-511307, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446. This Court has jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1). Defendant E*Trade Financial Advisory Services joins in this Removal.

This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

## I.    GENERAL INFORMATION

1.    On May 27, 2011, Plaintiff CHESTER J. HOGAN, JR. ("Plaintiff") filed a Complaint for Unpaid Overtime Wages, Failure to Keep Accurate Records of Employee Hours Worked, Breach of Oral Contract, Interest, Waiting Time Penalties and Other Penalties, Reasonable Attorneys Fees and Costs and Punitive Damages against Defendant Modis, Inc. and in the Superior Court of the State of California, County of San Francisco, Case No. CGC-11-511307, entitled *CHESTER J. HOGAN, JR., v. MODIS, INC., a corporation dba in California as MODIS, INC., E\*TRADE FINANCIAL ADVISORY SERVICES, INC., a corporation dba in California as E\*TRADE FINANCIAL ADVISORY SERVICES, INC., and DOES 1-10, inclusive,*. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

2.    On June 1, 2011, Defendant Modis, Inc. ("Defendant") was served with the Summons and Complaint via service on CT Corporation, Defendant's agent for service of process. A true and correct copy of the Notices and all other process, pleadings and orders served on Defendant are attached hereto as Exhibit A.

3.    On June 28, 2011, Defendant Modis filed its Answer to Plaintiff's Complaint pursuant to California Code of Civil Procedure § 431.30 with accompanying Affirmative Defenses in the San Francisco County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as Exhibit B.

2.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

4.  On June 29, 2011, Defendant E*Trade Financial Advisory Services filed its Answer to the Complaint.  A true and correct copy is attached as Exhibit C.

5.  All pleadings, process, or orders received by Defendant in this case are attached hereto.  Defendant has not received any other process, pleadings, or papers.

## II.  TIMELINESS OF REMOVAL

6.  This Notice of Removal is timely in that it is filed within thirty (30) days of the date of service upon Defendant of the Summons and Complaint as required under 28 U.S.C. § 1446(b).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## III.  JURISDICTION

7.  A state court action may be removed to federal court if it could have been brought originally in federal court.  28 U.S.C. 1441(a)-(c).  This case could have originally been brought in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) and it may be removed pursuant to 28 U.S.C. § 1441(a)-(b) because the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

### A.  Diversity of Citizenship Exists Between the Parties.

8.  Plaintiff Hogan was, at the time of commencing this action, and still is, a resident of El Dorado County in the State of California.

9.  At the time this action was commenced in state court, Defendant Modis was, and still is, a corporation organized under the laws of the State of Florida and maintaining its principal place of business in Jacksonville, Florida, where its corporate headquarters is located.  Thus, Defendant Modis is not a citizen of the State of California.  28 U.S.C. § 1332 (c)(1) Exh. A, Complaint, ¶ 3.  Attached as Exhibit D is a true and correct copy of the registration information on file with the Secretary of State of the State of California for Defendant Modis.

10.  At the time this action was commenced in state court, Defendant E*Trade was, and still is, a corporation organized under the laws of the State of Delaware and maintaining its

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

principal place of business in Arlington, Virginia, where its corporate headquarters is located. Thus, Defendant E*Trade is not a citizen of the State of California. 28 U.S.C. § 1332 (c)(1). Exh. A, Complaint, ¶ 4. Attached as Exhibit E is a true and correct copy of the registration information on file with the Secretary of State of the State of California for Defendant E*Trade.

11. No other party has been named or served as of the date of this removal. The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

**B.    The Amount in Controversy Exceeds the Jurisdictional Requirement.**

12. It is apparent from the underlying facts of the Complaint that Plaintiff is seeking more than $75,000 in damages, exclusive of interest and costs. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

13. In the complaint, Plaintiff alleges that Defendant Modis hired Plaintiff in late July 2008 as a nonexempt, hourly employee at the hourly rate of $60 an hour. Exh. A, Complaint, ¶¶ 8-9. Plaintiff alleges that Defendant Modis instructed Plaintiff "to always write only 40 hours per week on the timesheets regardless of how much time was actually worked." Exh. A, Complaint, ¶ 9. Plaintiff alleges that he typically work between 12 and 15 hours per day Monday through Friday, and significant hours on Saturdays and Sundays. He alleges that the hours worked above 8 hours per day and above 40 hours per week were not documented timesheets as Plaintiff was required to follow directives of Modis to write no more than 40 hours per week on his timesheets. Exh. A, Complaint, ¶ 10. Plaintiff alleges that his employment ended in early February 2010, when "Modis ceased to provide support for, and interfered with, Plaintiffs work, forcing the end of Plaintiffs work with E*Trade with approximately 5 months remaining on the pending oral contract between plaintiff and Modis." Exh. A, Complaint, ¶¶ 8, 13.

14. Plaintiff's Complaint alleges four causes of action against Defendants: (1) failure to pay overtime in violation California Labor Code section 510; (2) failure to keep accurate time records in violation Labor Code section 1174; (3) breach of oral contract against Modis only; (4) waiting time penalties and other civil penalties under Labor Code sections 201, 203 and 558. Exh. A, Complaint, ¶¶ 18-33.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415 433 1940

15.   Plaintiffs' Complaint is silent as to the total amount of monetary relief claimed.   The failure of the Complaint to specify the total amount of monetary relief sought personally by Plaintiff does not deprive this Court of jurisdiction. See *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim").   Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Plaintiff's own allegations establish by a preponderance of evidence that his claims exceed the jurisdictional minimum of $75,000.

16.   Plaintiff filed this complaint in state court as an unlimited jurisdiction matter Thus, Plaintiff alleges that the amount in controversy exceeds $25,000.   (See State Civil Cover Sheet, attached hereto as Exh. A.)

17.   Plaintiff's first cause of action seeks overtime pay at either 1.5 times the hourly rate for work performed in excess of 8 hours per day or 40 hours per week or at twice the straight time hourly rate for work performed in excess of 12 hours per day, alleging that plaintiff was directed to enter no more than 40 hours per week on timesheets despite the fact that plaintiff worked 12 to 15 hours on weekdays and work on Saturdays and Sundays. Exh. A, Complaint, ¶¶ 10,18-19. Plaintiffs own allegations assert that he was not paid overtime for at least four hours per day or  20 hours per week (the difference between the 8 hours on his timesheets and the minimum of 12 hours allegedly worked for five days a week). His overtime rate at 1 ½ times his hourly rate equals $90 per hour. Thus, Plaintiff is alleging lost overtime pay of $1800 per week ($90 an hour x 20 hours).  From the beginning of Plaintiff's employment in August 2008, to the end of his employment in February 2010, Plaintiff worked at least 75 workweeks.  Thus, the allegations in the complaint show that the total amount in controversy on Plaintiff's overtime claim is at least $135,000 ($1,800 x 75). This calculation does not include the time allegedly spent working at the double time rate for hours worked over 12 hours per day and working on weekends, as alleged in the Complaint.

5.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415 433.1940

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

18.     Plaintiff's third cause of action alleges that his alleged oral employment contract was terminated with five months remaining in breach of his agreement.  Plaintiff also alleges that he is entitled to punitive damages under California Civil Code section 3294. Exh. A, Complaint, ¶¶ 17, 28-29.  Compensatory (actual) damages, special damages and potential punitive damages may be considered when determining the amount in controversy.  *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 241 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001*); Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action" (citing *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).  With the wage rate of $60 per hour, Plaintiff's breach of contract claim alleges an amount in controversy in excess of $48,000, based on $60 per hour for 40 hours of work per week over 20 workweeks in a five-month period.  This calculation does not include punitive damages.

19.     Plaintiff alleges in his fourth cause of action that he was not paid all wages owed upon termination in violation of Labor Code section 203.  At the time of his termination, Plaintiff earned $60 per hour or $480 for an 8 hour workday.  "If an employer willfully fails to pay . . . in accordance with Sections 201 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."  Labor Code § 203(a).  Plaintiff's employment ended in February 2010 and the alleged nonpayment of overtime has exceeded the 30 day period set forth in Labor Code section 203.  Thus, the amount in controversy under Plaintiff's fourth cause of action is $14,400 ($ 480 x 30).

20.     In addition, Plaintiff also seeks an award of attorneys' fees.  (Exh. A, Complaint, Prayer for Relief ¶ p. 8.)  It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. See, e.g., *Bell v. Preferred Life*, 320 U.S. 238, 240; *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in

6.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415 433.1940

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

1   determining the amount in controversy where potentially recoverable by statute); *Brady v.*

2   *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the

3   amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail in

4   determining whether amount in controversy exceeds $75,000.00).

5          21.    Accordingly, it is clear from the underlying facts of the Complaint that the

6   amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and

7   costs.  The amount in controversy exceeds $197,000, for his first, third and fourth causes of action,

8   without quantifying the claims for punitive damages and attorneys fees. Removal of this action is

9   therefore proper as the aggregate value of Plaintiffs' claims for unpaid wages and statutory penalties,

10   exclusive of interests and costs, is  well in excess of the $75,000.00 jurisdictional requirement. See

11   28 U.S.C. § 1332(a).

12          22.    For these reasons, this action is a civil action over which this Court has

13   original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to

14   this Court pursuant to 28 U.S.C. section 1441(a), in that is a civil action wherein the matter in

15   controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of

16   different states.

17   **IV.    VENUE**

18          23.    Plaintiff commenced the action in the Superior Court for the State of

19   California, in and for the County of San Francisco.  Accordingly, pursuant to 28 U.S.C. §§ 84 and

20   1441(a), venue lies in the United States District Court, Northern District of California.

21   **V.    INTRADISTRICT ASSIGNMENT**

22          24.    The Complaint alleges activities occurring in the County of Alameda.

23   Pursuant to United States District Court, Northern District Local Rule 3-2(d), the appropriate

24   assignment of this action is to the San Francisco or Oakland division of this Court.

25   **VI.    NOTICE TO PLAINTIFF AND SUPERIOR COURT**

26          25.    Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a copy of this Notice of

27   Removal with the clerk of the Superior Court of California, County of San Francisco.  A true and

28   correct copy of the Notice to State Court of Removal of Action to Federal Court (without its

7.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

1    attachments) is attached hereto as Exhibit F.

2             26.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice to

3    Plaintiff of this removal.  A true and correct copy of the Notice to Plaintiff of Removal of Action to

4    Federal Court (without its attachments) is attached hereto as Exhibit G.

5             WHEREFORE, Defendant prays that the above-referenced action now pending in the

6    Superior Court for the State of California for the County of San Francisco, Case No. CGC-11-

7    511307, be removed from that court to this United States District Court for the Northern District of

8    California.

9

10   Dated: June 29, 2011

11

12                                              STEPHEN C. TEDESCO
                                               LITTLER MENDELSON
13                                             A Professional Corporation
                                               Attorneys for Defendant
14                                             MODIS, INC.

15
     Firmwide:102458831.1 004544.1188
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415 433 1940

8.

DEFENDANT MODIS, INC.'S NOTICE OF REMOVAL

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/01/2011
CT Log Number 518607736

**TO:**   Greg Holland, SVP & General Counsel
Adecco Employment Services, Inc.
175 Broad Hollow Road
Melville, NY 11747-8905

**RE:**   **Process Served in California**

**FOR:**   Modis, Inc. (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Chester J. Hogan, Jr., Pltf. vs. Modis, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Notice, Attachment(s), Stipulation Form, Statement Form |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC-11-511307 |
| **NATURE OF ACTION:** | Employee Litigation - Worker's Compensation - Unpaid Overtime Wages/Failure to keep accurate records of employees' hours worked |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/01/2011 at 15:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 10/28/2011 at 9:00 a.m. - Case Management Conference // 15 days prior to hearing - File Case Management Statement |
| **ATTORNEY(S) / SENDER(S):** | Gary G. Goyette<br>Goyette & Associates, Inc.<br>11344 Coloma Drive, #145<br>Gold River, CA 95670<br>916-851-1900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/01/2011, Expected Purge Date: 06/06/2011<br>Image SOP<br>Email Notification, Anna Spolnicki Anna.spolnicki@adeccona.com<br>Email Notification, Lawanna Campbell Lawanna.campbell@adeccona.com<br>Email Notification, Christina Malone christina.malone@adeccona.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Claim e 2:85*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** MODIS, INC., a corporation dba in
*(AVISO AL DEMANDADO):* California as MODIS IT, INC.,
E*TRADE FINANCIAL ADVISORY SERVICES, INC., a
corporation dba in California as E*TRADE FINANCIAL
ADVISORY SERVICES, INC., and DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** CHESTER J. HOGAN, JR.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco COunty Superior Court<br>400 McAllister Street, Room 103<br><br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC 11-511307** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary G. Goyette SB 224715          916 851 1900    916 851 1995
Goyette & Associates, Inc.
11344 Coloma Road, Suite 145
Gold River, CA 95670

DATE: **MAY 27 2011**          CLERK OF THE COURT, Clerk, by **ROSSALY DE LA VEGA NAVARRO**, Deputy
*(Fecha)*                          *(Secretario)*                                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MODIS, Inc. a corporation dba in California as MODIS IT, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6/6/11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

Superior Court of California
County of

MAY 2 7 2011
*Per Court USE ONLY*

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA

F I L E D
Superior Court of California
County of San Francisco

MAY 2 7 2011

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|

Gary G. Goyette SB 224715
Goyette & Associates, Inc.
11344 Coloma Road, Suite 145

Gold River, CA 95670
TELEPHONE NO.: 916 851 1900   FAX NO.: 916 851 1995
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Division

CASE NAME: HOGAN V. MODIS, INC. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC - 11 - 511307 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 26, 2011

Gary G. Goyette SB 224715
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

GOYETTE & ASSOCIATES,
Gary G. Goyette, SBN: 224715
GOYETTE & ASSOCIATES, INC
11344 Coloma Drive, # 145
Gold River, CA  95670
Telephone:     (916) 851-1900
Facsimile:      (916) 851-1995

Attorneys for Plaintiffs

ENDORSED
FILED
Superior Court of California
County of San Francisco

MAY 2 7 2011

CLERK OF THE COURT
BY ROSSALY DE LA VEGA
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO CGC - 11 - 511307

| | |
|---|---|
| CHESTER J. HOGAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MODIS, INC., a corporation dba in California as MODIS IT, INC., E*TRADE FINANCIAL ADVISORY SERVICES, INC., a corporation dba in California as E*TRADE FINANCIAL ADVISORY SERVICES, INC., and DOES 1-10, Inclusive,<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR:<br><br>(1)  UNPAID OVERTIME WAGES<br>(CA Labor Code §§ 510 and 1194)<br><br>(2)  FAILURE TO KEEP ACCURATE RECORDS OF EMPLOYEES' HOURS WORKED<br>(CA Labor Code § 1174)<br><br>(3)  BREACH OF ORAL CONTRACT<br><br>(4)  INTEREST, WAITING TIME PENALTIES, & OTHER PENALTIES<br>(CA Labor Code §§ 201, 203, 218.6, 558 and 1194(a))<br><br>(5)  REASONABLE ATTORNEYS FEES AND COSTS<br>(CA Labor Code § 1194(a))<br><br>(6)  PUNITIVE DAMAGES<br>(CA Civil Code § 3294(a),(b)) |

- 1 -

## I.     INTRODUCTION

1.     The above-named Plaintiff brings this action seeking overtime compensation which has been improperly withheld by Plaintiff's direct prior employer, Defendant Modis, Inc., and for which Plaintiff's prior joint employer, Defendant E*Trade Financial Advisory Services, Inc., is now responsible.  Based on the nonexempt, hourly work performed by Plaintiff for Defendants, on the excessive daily and weekly hours worked by Plaintiff to complete the duties required by Defendants, and the clear statutory provisions applicable to Plaintiff for the excessive hours worked, Plaintiff is entitled to overtime pay for all hours worked in excess of eight (8.0) hours per work day and/or in excess of forty (40.0) hours per week, and accordingly seeks all such improperly withheld overtime pay.  Plaintiff also seeks the monetary damages associated with Defendant Modis Inc.'s breach of oral contracts for employment between Plaintiff and this Defendant.  Plaintiff also seeks interest on the overtime compensation, as well as penalties for improperly withholding the overtime pay.  Finally Plaintiff also seeks punitive damages based on Defendants' willful violations as described herein.

## II.     **PARTIES**

2.     The individual named as Plaintiff, Chester J. Hogan Jr., (hereafter "Plaintiff") at all times pertinent to this action, was employed by the Defendant Modis, Inc. (dba in California as Modis IT, Inc.), as an Engineering Recruiter, whose duties were to follow the specific directives and supervision of managers working for co-Defendant E*Trade Financial Advisory Services, Inc. to recruit employees who would in turn work for E*Trade in Menlo Park, California. As described herein, Plaintiff was therefore jointly employed by Defendants Modis, Inc. and E*Trade.

3.     Defendant Modis, Inc. (hereafter "Modis"). is, and at all times mentioned herein was, a private business registered as a corporation under the laws of California, and doing business in California as Modis IT, Inc., with a corporate office located at One Independent Drive, Suite 800, Jacksonville, Florida, 32202.

4.     Defendant E*Trade Financial Advisory Services, Inc. (hereafter "E*Trade"), is, and at all times mentioned herein was, a private business registered as a corporation under the laws of California, and doing business in California as E*Trade Financial Advisory Services, Inc., with a corporate office located at 671 N Glebe Road, Arlington, Virginia, 22203.

5.     At all times herein mentioned each of DOES 1 through 10, inclusive, was the agent, servant, and employee of each of the remaining co-defendants, and in doing the things herein alleged

1   was acting in the scope of his or her authority as such agent, servant, and employment, and with the

2   permission and consent of each co-defendant.

3        6.      The true names and capacities, whether individual, corporate, associate or otherwise, of

4   Defendants DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such

    fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when

5   the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the

6   Defendants, DOES 1 through 10, inclusive, are responsible in negligence, warranty, strictly, or

7   otherwise, for the events and happenings herein referred to and proximately thereby caused and

8   continue to cause the violation of the rights of the Plaintiff as herein alleged.

9

10                          III.    **FACTUAL ALLEGATIONS**

11       7.      Plaintiff incorporates by reference and realleges paragraphs 1 through 6 as though fully

12   set forth herein.

13       8.      Plaintiff worked directly for Defendant Modis as an Engineering Recruiter, to recruit

14   employees for joint employer and co-Defendant E*Trade, from late July of 2008 to early February of

     2010.  Plaintiff worked under the close supervision of Modis Vice President Jevon Hink and Modis

15   Account Manager Ann Marie Aceret.  Plaintiff also worked under the supervision of E*Trade Vice

16   President of Human Resources Nadia Gaffery, under the close supervision of E*Trade Senior Vice

17   President Amen Abuhater and HR Business Partner Carina Vo, and under the daily and weekly

18   directives provided by approximately fifteen (15) different E*Trade managers. In early 2010, actions

19   by both Defendants forced Plaintiff out of his employment with direct employer Modis and joint

     employer E*Trade.

20       9.      Defendant Modis hired and paid Plaintiff as a non-exempt, hourly employee at the

21   hourly rate of $ 60/hour.  Initially Plaintiff recorded all of his actual hours worked on time sheets

22   provided by Modis, but then followed the specific directives from Jevon Hink and Ann Marie Aceret

23   to always write only 40 hours per week on the time sheets *regardless of* how much time was actually

24   worked.  Witnesses to various conversations regarding overtime and informing Plaintiff that no more

25   than forty hours per week should be entered on Modis time sheets include Mr. Hinks, Ms. Aceret, Jim

26   Biles (the Vice President of Business Development for Modis), Jeannie Lucchesi (an Account Manager

     for Modis), and Matthew Chummers (an Account Mnager Modis).   Plaintiff followed these

27   management directives and wrote forty hours per week on the Modis time sheets for the remainder of

28   his employment with Modis.

10. Plaintiff typically worked between 12 and 15 hours per day, Monday through Friday. In addition, Plaintiff often worked significant hours on Saturdays and Sundays. The hours worked by Plaintiff above eight hours per day and/or above forty hours per week are not documented on Modis time sheets since Plaintiff was required to follow the directives from Modis supervisors Jevon Hink and Ann Marie Aceret to write no more than forty hours per week on time sheets; however, other documentation, including E*Trade log in, log out and all other records (on the Presist recovery archive), email records, instant messaging records (between co-workers, managers, and potential recruits), and eye-witness observations of work being performed establish the excessive hours worked by Plaintiff each day/week. Further, Modis managers Jevon Hink and Ann Marie Aceret were fully aware of the work hours incurred by Plaintiff and the amount of time typically required to meet the technical recruiting needs of E*Trade, as performed by Plaintiff. Further, as the joint employer, E*Trade was aware of the significant hours worked by Plaintiff, as observed by multiple managers and other employees who regularly supervised, directed, evaluated or had contact with Plaintiff, including but not limited to Jennifer McClure (E*Trade University Recruiter), Carina Vo (E*Trade Human Resouce BP), Trevor Crow (E*Trade Product Manager), and Damon Metz ( E* Trade East Coast Recruiter).

11. As a joint employer of Plaintiff, Defendant E*Trade regularly supervised, evaluated and directed Plaintiff's recruiting work through constant communication with Plaintiff, via face-to-face verbal statements in meetings at eh E*Trade office in Menlo Park, via emails or instant messages through the E*Trade Virtual Partner Network (VPN), and via other communications.

12. With the knowledge of direct employer Modis, joint employer E*Trade closely directed and supervised Plaintiff's work, and exercised control over Plaintiff's work, through a series of the same steps used for each recruitment of potential E*Trade employees as follows:

a) Plaintiff was required to initially meet with the E*Trade manager who had a position or positions which needed to be filled to learn the details associated with the recruiting needs;

b) Plaintiff would then use various Modis and internet resources to begin to build the job description/job opening listing. After completing a draft of the job description, Plaintiff always had to obtain approval from the E*Trade manager before further recruiting work was performed;

c) Plaintiff would then post the job description, receive resumes, and engage in the initial screening process to disqualify some candidates and to select other qualified candidates for initial interviews, with ongoing required communications with E*Trade managers;

d) Plaintiff then conducted the initial in-person interviews of qualified

candidates at the Menlo Park E*Trade office, and assisted with the numerous interviews of qualified

candidates by multiple E*Trade managers;

    e)  After review, assessment and evaluation by Plaintiff's E*Trade

supervisors, Plaintiff assisted with the selection of and job offers to successful candidates.

   13.  Throughout Plaintiff's direct employment with Defendant Modis and joint

employment with co-Defendant E*Trade, Modis approved and assigned Plaintiff's work typically in

six month segments via oral contracts of employment. In late 2009 and early 2010, Modis ceased to

provide support for, and interfered with, Plaintiff's work, forcing the end of Plaintiff's work with

E*Trade with approximately five months remained on the pending oral contract between Plaintiff and

Modis. Absent the acts by Modis to cease providing support for Plaintiff's work for E*Trade, and to

disrupt Plaintiff's work for E*Trade, the repeating six month, oral contracts between Modis and

Plaintiff would have been renewed to the present.

   14.  At the time Modis forced the end of Plaintiff's work with E*Trade, Modis as the

direct employer and E*Trade as the joint employer owed significant overtime pay to Plaintiff, as well

as straight-time pay under the pending oral contract.

   15.  Between March and June of 2010, Plaintiff made extensive and repeated efforts

through email communications with Modis Account Manager Anne Marie Aceret and through Modis

HR Manager Gaby Powell to have Modis provide the overtime pay owed. On March 22, 2010, Gaby

Powell verified in writing for Mr. Hogan that Modis had classified him as a non-exempt, hourly

employee; however, Modis refused to provide the overtime pay owed to Plaintiffs for the excessive

hours worked by Plaintiff in excess of eight hours per day and/or forty hours per week.

   16.  Between July and October of 2010, Plaintiff, as represented by and assisted by

counsel, made continued efforts to obtain the overtime pay owed by Defendant Modis; however,

Modis refused to provide the overtime pay owed and refused to engaged in any good faith efforts at

settlement of the overtime pay owed to Plaintiff.

   17.  At all times pertinent to this action, Defendants have intentionally denied Plaintiffs

required overtime pay in knowing violation of State wage laws and regulations, constituting malice,

oppression, and fraud/intentional misrepresentation by the Defendants, within the meaning of

California Civil Code § 3294(a) and (b). Defendants' conduct was and is in knowing, intentional

violation of State wage laws and regulations.

## 1. FIRST CAUSE OF ACTION
### (Violation of California Labor Code §§510)

18.　Plaintiff incorporates by reference and re-alleges paragraphs 1 through 17 as though fully set forth herein.

19.　Based on the factual allegations stated, Defendants have violated section 510 of the California Labor Code along with the associated provisions in applicable IWC Wage Orders and associated regulations by failing to provide overtime pay at either 1.5 times the hourly wage rate for Plaintiff or at twice such straight-time hourly rate for work performed by Plaintiff in excess of eight hours per day and/or 40 hours per week.

20.　Defendants have classified and treated Plaintiff as a non-exempt, hourly employee, and have intentionally directed Plaintiff to enter no more than forty hours per week on time sheets regardless of the number of hours worked by Plaintiff, in violation of Defendants' obligation to keep accurate time records for all hours worked by Plaintiff, and in turn Defendants have refused to provide overtime pay to Plaintiff at either 1.5 times or twice Plaintiff's hourly rate of pay, and have done so despite the excessive hours worked by Plaintiff above eight hours per day and above forty hours per week.

21.　As a direct and proximate result of Defendants intentional failure to pay overtime wages, Plaintiff has suffered wage losses in a sum according to proof, and are entitled to all such overtime pay losses.

22.　Plaintiff is also entitled to legal expenses and attorneys fees pursuant to Labor Code section 1194(a) in a sum according to proof.

## V. SECOND CAUSE OF ACTION
### (Violation of Labor Code § 1174 - Failure to Keep Accurate Records of Hours Worked by Plaintiff)

23.　Plaintiff incorporates by reference and re-alleges paragraphs 1 through 22 as though fully set forth herein.

24.　Labor Code § 1174 reads, in pertinent part as follows:

> Every person employing labor in this State shall: (d) keep,
> at a central location in the State or at the plants or establishments
> at which employees are employed, payroll records showing the
> hours worked daily by and the wages paid to, and the number of
> piece-rate units earned by and any applicable piece-rate paid to,
> employees employed at the respective plants or establishments.

25.     Because Plaintiff was required to enter no more than forty hours per week on Defendant Modis' time sheets, despite the fact that Plaintiff regularly worked far in excess of eight hours per day and/or far in excess of forty hours per week, Defendants failed to keep records of the actual "hours worked daily" by Plaintiff in violation of Labor Code § 1174.

26.     At all times relevant herein, Defendants have been able to comply with Labor Code § 1174 by keeping accurate records of all hours worked by Plaintiff.  However, Defendants have knowingly failed and refused to comply with Labor Code § 1174 by keeping accurate records of all the hours worked by Plaintiff.

27.     As a proximate result of Defendant's wrongful acts, Plaintiff has suffered lost income in the form of unpaid overtime pay.

## VI.   ~~THIRD~~ CAUSE OF ACTION

### (Breach of Oral Contract; against Defendant Modis only)

28.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 27 as though fully set forth in herein.

29.     Based on the factual allegations stated, Defendant Modis has violated the the oral contractual Agreement between Modis and Plaintiff for recurring six month employment contracts, given that five months remained on the current and pending contract at the time Defendants forced Plaintiff to end his work with Modis and E*Trade, and given that absent the actions taken by Defendant Modis to cease providing support to Plaintiff and to interfere with Plaintiff's work for E*Trade, the six-month segments of work under recurring oral contracts would have continued until the present.

## VII.   FOURTH CAUSE OF ACTION

### (For Waiting Time Penalties and other Civil Penalties Under California Labor Code §§ 201, 203, and 558)

30.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 as though fully set forth in herein.

31.     At the time Plaintiff's employment with Defendants ended, Plaintiff was owed overtime pay by Defendants.  Defendants failed to pay Plaintiff such overtime pay and have failed to pay those sums for more than 30 days thereafter, despite Plaintiff's pre-litigation efforts to have Defendant Modis provide this overtime pay.  Defendants' failure to pay the full amount due to

- 7 -

1   Plaintiff violates the provisions of Labor Code § 201. Defendants have failed and refused and

2   continue to refuse to pay the overtime pay due to Plaintiff.

3       32.    Defendants' failure to pay overtime wages was wilful, thus entitling Plaintiff to penalties

4   under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until

5   paid or for a period of up to 30 days from the time they were due.

6       33.    In addition, Defendant's failure to provide overtime pay entitles Plaintiff to additional

7   other civil penalties be assessed against Defendants, as provided under § 558 of the California Labor

8   Code.

## VIII.  PRAYER FOR RELIEF

9       WHEREFORE, Plaintiff prays that this Court enter an Order in favor of Plaintiff against

10  Defendants awarding Plaintiffs relief as follows:

11

12      1.     For overtime pay recovery, as allowed under California Labor Code

13             § 1194, and as mandated by California Labor Code § 510, for all hours worked

14             by Plaintiff in excess of eight hours per day and/or 40 hours per week, at 1.5

15             times each employee's regular rate of pay, and as applicable at twice the

16             regularly hourly rate of pay;

17

18      2.     For all monetary damages resulting from Defendants breach of oral contract,

19             according to proof;

20      3.     For waiting time penalties as required by California Labor Code § 203, and as

21             calculated by multiplying Plaintiff's regular rate of pay by 1.5 times the 30 days

22             allowed for waiting time penalties under § 203 of the Labor Code;

23      4.     For other penalties, as allowed by California Labor Code § 558;

24             For costs of the suit incurred herein, as required or allowed by California Labor

25             Code § 1194(a);

26

27      6.     For attorney fees incurred herein as required or allowed by California Labor

28             Code §1194(a);

7.    For exemplary and punitive damages, as allowed against Defendants by California Civil Code Section 3294 (a), (b);

8.    For all applicable pre and post judgment interest on all monetary damages awarded, as allowed by CA Labor Code § § 218.6 and 1194(a);

9.    And for such other and further relief as this Court deems just and proper.

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: May 10, 2011                          GOYETTE & ASSOCIATES, INC
                                             A Professional Law Corporation


                                             By _____
                                                Gary G. Goyette
                                                Attorneys for Plaintiffs

- 9 -

COMPLAINT

CASE NUMBER: CGC-11-511307 CHESTER J. HOGAN JR VS. MODIS, INC., A CORPORATIC

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **OCT-28-2011** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

    1)     Judicial Arbitration
    2)     Mediation
    3)     The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator-fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

ADR-1  12/10 (rw)                     Page 8

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

**Cost**

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>DEPARTMENT 212 |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation     ☐   **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐ Binding arbitration                                         Judge _____
☐ Non-binding judicial arbitration                     Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|
| Date: Time: Dept.: Div.: Room: |
| Address of court *(if different from the address above):* |
| ☐ Notice of Intent to Appear by Telephone, by *(name):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Linda Colfax
The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss
The Honorable Charlotte W. Woolard

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2011 (ja)

# EXHIBIT B

1  STEPHEN C. TEDESCO, 130325
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108
   Telephone:    415.433.1940
4  Facsimile:    415.399.8490

5  Attorneys for Defendant
   MODIS, INC.

6

7

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 28 2011

CLERK OF THE COURT
BY: _____ WESLEY RAMIREZ
                    Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10  CHESTER J. HOGAN, JR.,              Case No.  CGC-11-511307

11              Plaintiff,              **MODIS, INC.'S ANSWER TO
                                        PLAINTIFF'S COMPLAINT**
12        v.
                                        Complaint Filed:  May 27, 2011
13  MODIS, INC., a corporation dba in
    California as MODIS, INC., E*TRADE
14  FINANCIAL ADVISORY SERVICES,
    INC., a corporation dba in California as
15  E*TRADE FINANCIAL ADVISORY
    SERVICES, INC., and DOES 1-10,
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108
415.433.1940

DEFENDANT MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant MODIS, INC., doing business in California as Modis IT, Inc. (hereinafter referred to as "Modis" or "Defendant"), and hereby answers, for itself and no other Defendant, the Complaint filed by Plaintiff CHESTER J. HOGAN, JR. (hereinafter referred to as "Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant generally and specifically denies each and every material allegation contained in Plaintiff's unverified Complaint. Defendant further denies that Plaintiff has been damaged in any sum, or at all.

**AFFIRMATIVE DEFENSES**

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defenses asserted below. Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal facts in support of the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.     Plaintiff's causes of action, and each of them, fail to state sufficient facts to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.     Plaintiff's causes of action against Modis, and each of them, are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutional Penalties)**

3.     Any imposition of penalties against Modis, under the California Business and Professions Code, the California Labor Code or otherwise, would violate the Due Process Clause of the United States and California Constitutions because, *inter alia*, the standards of liability are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108
415 433 1940

DEFENDANT MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

unduly vague and subjective, and permit retroactive, random, arbitrary and/or capricious punishment that serves no legitimate governmental interest.  Any award of such penalties also would violate the Excessive Fines Clause of the United States and California Constitutions.

## FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improper)

4.      Plaintiff's Complaint fails to plead any cause of action or state facts that would warrant the imposition of any punitive damages against Modis.

## FIFTH AFFIRMATIVE DEFENSE

### (No Harm Caused By Modis)

5.      Plaintiff's causes of action, or some of them, are barred in their entirety because Plaintiff's alleged injuries, if any, were the result of actions of Plaintiff and/or third parties.  In the alternative, to the extent that persons or entities other than Modis are at least partially at fault with respect to the matters complained of, although no fault of Modis or any co-defendant is admitted hereby or herein, and is specifically denied, any recovery by Plaintiff should be reduced by the proportion of such damages, if any, caused by such other persons or entities.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Plaintiff's causes of action and request(s) for equitable relief against Modis, or some of them, are barred in whole or in part by the doctrine of laches. Modis will seek leave to amend to state additional facts in support of the affirmative defense as discovery progresses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Plaintiff's causes of action, or some of them, are barred in whole or in part because Plaintiff is estopped by his own conduct to assert any right to damages or other relief from Modis or any other defendant. Modis will seek leave to amend to state additional facts in support of the affirmative defense as discovery progresses.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

#### (Overtime Exemption)

8.      Modis alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that Plaintiff's causes of action, or some of them, are barred in whole or in part because Plaintiff was exempt from the overtime pay requirements of California law.

### NINTH AFFIRMATIVE DEFENSE

#### (Conduct Reasonable And In Good Faith/Not Willful)

9.      Plaintiff's causes of action, or some of them, are barred, in whole or in part, on the ground that Modis acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with California law.

### TENTH AFFIRMATIVE DEFENSE

#### (Setoff and Recoupment)

10.      If any damages have been sustained by Plaintiff, although such damages are not admitted herein and are specifically denied, Modis and/or co-defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiffs owed to Modis and/or co-defendants against any judgment that may be entered against Modis and/or co-defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

11.      If any damages have been sustained by Plaintiff, although such damages are not admitted herein and are specifically denied, Plaintiff had a duty to mitigate any damages he may have suffered, and he has failed to do so.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Compensable Work Time)

12.      Modis alleges that the time for which Plaintiff seeks compensation does not, in whole or in part, constitute compensable working time.

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Indemnification)

13.    Modis reserves the right to seek indemnification for any fees and damages related to this matter.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Defense To Waiting Time Penalty Claim)

14.    Modis asserts that, irrespective or whether Plaintiff is entitled to wages due, and Modis denies there is any such entitlement, Plaintiff is not entitled to waiting time penalties, because there was a good faith dispute as to whether said wages were owed, which, in the absence of bad faith, precludes a waiting time penalty award, *Amaral v. Cintas Corporation no. 2*, 163 Cal. App. 4th 1157 (2008).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15.    Modis alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that failure on Plaintiff's part to comply with Defendant's work-time recording polices and requirements was the result of the alleged loss, which could have been avoided by Plaintiff's compliance with Defendant's reasonable polices and requirements.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure To Perform)

16.    Modis alleges that even assuming, arguendo, an express or implied contract or agreement existed, Plaintiff did not perform all the conditions, covenants or promises required to be performed by the alleged contract, agreement or covenant between Plaintiff and Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (At-Will employment)

17.    Modis alleges that at all relevant times Plaintiff was an at-will employee whose employment could be ended at any time by either party.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

4.

DEFENDANT MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## RESERVATION OF ADDITIONAL DEFENSES

Due to the general nature of Plaintiff's allegations, and the necessarily varying circumstances of each alleged claim in the Complaint, there may be additional affirmative defenses of which Modis is not aware at this time.  Modis therefore reserves the right to assert additional affirmative defenses.

**WHEREFORE**, Defendant Modis prays for judgment as follows:

(1)     That the Complaint and each cause of action therein be dismissed with prejudice;

(2)     That Plaintiff take nothing by way of the Complaint;

(3)     That Modis be awarded its costs incurred herein, including attorneys' fees; and

(4)     That the Court order such other and further relief for Modis as the Court may deem just and proper.

Dated: June 28, 2011

STEPHEN C. TEDESCO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MODIS, INC.

Firmwide:102414730.1 004544.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

5.

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On June 28, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

MODIS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Gary G. Goyette
Goyette & Associates
11344 Coloma Drive, #145
Gold River, CA  95670

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2011, at San Francisco, California.

Paula J. Flores

Firmwide:102522211.1 004544.1188

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415 433.1940

PROOF OF SERVICE

# EXHIBIT C

1  HEATHER M. SAGER (SBN #186566)
   AYSE KUZUCUOGLU (SBN #251114)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
4  Facsimile:    (415) 591-7510

5  Attorneys for Defendant
   E*TRADE FINANCIAL ADVISORY SERVICES,
6  INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  CHESTER J. HOGAN, JR.,              Case No. CGC-11-511307

12              Plaintiff,              DEFENDANT E*TRADE FINANCIAL
                                        ADVISORY SERVICES, INC'S ANSWER
13         v.                           TO PLAINTIFF'S COMPLAINT

14  MODIS, INC., a corporation dba in
    California as MODIS IT, INC., E*TRADE
15  FINANCIAL ADVISORY SERVICES,        **BY FAX**
    INC., a corporation dba in California as
16  E*TRADE FINANCIAL ADVISORY
    SERVICES, INC., and DOES 1-10,
17  Inclusive,

18              Defendant.

19

20        Defendant E*TRADE FINANCIAL ADVISORY SERVICES, INC. ("Defendant"), by

21  and through its attorneys of record Drinker Biddle & Reath LLP, hereby answers Plaintiff Chester

22  J. Hogan, Jr.'s ("Plaintiff") Complaint for Damages and Demand for Jury Trial ("Complaint") as

23  follows:

24                          <u>GENERAL DENIAL</u>

25        Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

26  Defendant generally denies each and every material allegation in the Complaint, and specifically

27  denies that Plaintiff has been damaged in any amount, sum or manner whatsoever by reason of

28  any acts or omissions on the part of Defendant or its officers, directors, employees and/or agents,

SF01/ 768752.1

DRINKER BIDDLE &
    REATH LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                    ANSWER TO PLAINTIFF'S COMPLAINT
                    [CASE NO. CGC-11-511307]

1  if any.

## AFFIRMATIVE DEFENSES

Pursuant to the provisions of Section 431.30(g) of the California Code of Civil Procedure, and without waiving or excusing Plaintiff's applicable burdens of proof or admitting that Defendant has any burden of proof as to any defense, Defendant hereby asserts the following affirmative defenses. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein. Subject to the preceding qualifications, Defendant alleges the following separate affirmative defenses to the Complaint:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint, and each cause of action alleged therein, fail to allege facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Paid as Required by Law)

Defendant is informed and believes that the Complaint, and each cause of action alleged therein fail, in whole or in part, because Plaintiff was at all times timely and properly paid all compensation due to him, as required by law.

### THIRD AFFIRMATIVE DEFENSE

#### (Good Faith/Legitimate Business Reasons)

The Complaint, and each cause of action contained therein, are barred in whole or in part because Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting the Plaintiff were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and was reasonably based upon the facts as Defendant understood them.

SF01/ 768752.1

- 2 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO PLAINTIFF'S COMPLAINT
[CASE NO. CGC-11-511307]

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Acts of Third Parties)

3     Defendant's conduct is not the sole or proximate cause of the alleged damages and losses,

4  if any.  Any damages awarded to the Plaintiff must be apportioned according to the respective

5  fault and legal responsibility of all parties, persons, and entities or their agents, servants, and

6  employees who contributed to and/or caused the alleged damages, if any, according to the proof

7  presented at the time of trial.  Defendant believes that any of the alleged acts or omissions, if they

8  occurred, are the fault of Plaintiff's employer, Modis, not Defendant.  Any damages caused by

9  Modis' failure to comply with its obligations to Plaintiff or to Defendant should not be imputed to

10  Defendant for the purpose of determining liability or apportioning fault.

11

## FIFTH AFFIRMATIVE DEFENSE

12

(Claims Untimely)

13     The Complaint, and each cause of action alleged therein, fail in whole or in part because

14  the Plaintiff failed to raise these claims in a timely fashion.

15

## SIXTH AFFIRMATIVE DEFENSE

16

(Waiver or Consent)

17     The Complaint, and each cause of action alleged therein, fail in whole or in part because

18  the Plaintiff consented to the conduct complained of or has otherwise waived the right, by reason

19  of his conduct and actions, to assert the claims alleged in the Complaint, by virtue of Plaintiff's

20  failure to comply with the policies and reasonable expectations of his employer(s) in regard to

21  accurately reporting and recording hours worked and complying with timekeeping policies and

22  procedures.

23

## SEVENTH AFFIRMATIVE DEFENSE

24

(Statutes of Limitation)

25     The causes of action alleged by the Plaintiff are barred, in whole or in part, by the

26  applicable statutes of limitations, including but not limited to California Code of Civil Procedure

27  §§ 337, 338, 339, 340 and 343.

28

SF01/ 768752.1

- 3 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO PLAINTIFF'S COMPLAINT
[CASE NO. CGC-11-511307]

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

(No Penalties; Good Faith Dispute as to Wages Owed)

3

The Complaint, and each cause of action alleged therein fail to state a claim for penalties

4

for alleged wage violations under the California Labor Code because there is a good faith dispute

5

as to Defendant's obligation to pay any wages which may be found due and owing.

6

**NINTH AFFIRMATIVE DEFENSE**

7

(No Knowledge, Authorization or Ratification)

8

Defendant is not liable for the alleged damages to the Plaintiff because, if any person or

9

entity engaged in intentional, willful or unlawful conduct as alleged in the Complaint, such

10

person or entity did so without the knowledge, authorization or ratification of Defendant.

11

**TENTH AFFIRMATIVE DEFENSE**

12

(Failure to Comply with Employer's Directives)

13

Defendant is informed and believes that the Complaint, and each cause of action alleged

14

therein fail, in whole or in part, because the Plaintiff failed to substantially comply with all the

15

directions of his employer, as required by California Labor Code Section 2856, via his failure to

16

accurately report and record all hours worked and comply with expectations and policies

17

regarding timekeeping.

18

**ELEVENTH AFFIRMATIVE DEFENSE**

19

(Reasonably Avoidable Consequences)

20

The Complaint, and each cause of action alleged therein, are barred, in whole or in part, to

21

the extent the Plaintiff is seeking recovery of damages for alleged injuries that he could

22

reasonably have avoided.

23

**TWELFTH AFFIRMATIVE DEFENSE**

24

(Payment of Wages)

25

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to

26

the extent the Plaintiff has ever recovered in other proceedings or via other sources any monies

27

for the wages, benefits, or other compensation at issue in this action.

28

SF01/ 768752.1

- 4 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO PLAINTIFF'S COMPLAINT
[CASE NO. CGC-11-511307]

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

#### (Civil Penalties Unjust, Arbitrary, Oppressive and/or Confiscatory)

3      The Plaintiff is precluded from recovering penalties in whole or in part under the

4   applicable provisions of the law as, based upon the facts and circumstances of this case, any

5   imposition of penalties would result in an award that is unjust, arbitrary, oppressive, and/or

6   confiscatory.

7

### FOURTEENTH AFFIRMATIVE DEFENSE

8

#### (Release/Res Judicata/Collateral Estoppel)

9      The causes of action alleged by the Plaintiff is barred, in whole or in part, by the doctrine

10   of *res judicata* and/or collateral estoppel.  The causes of action alleged by the Plaintiff is barred to

11   the extent they have been adjudicated on the merits and, accordingly, binding on all subsequent

12   litigation on the issues resolved.

13

### FIFTEENTH AFFIRMATIVE DEFENSE

14

#### (Unclean Hands)

15      The causes of action alleged by the Plaintiff is barred, in whole or in part, by the doctrine

16   of unclean hands.

17

### SIXTEENTH AFFIRMATIVE DEFENSE

18

#### (Prior Settlement)

19      The Plaintiff's causes of action are barred, in whole or in part, by virtue of any prior

20   settlement and release of said claims.

21

### SEVENTEENTH AFFIRMATIVE DEFENSE

22

#### (Failure to Mitigate)

23      The Plaintiff, in the exercise of reasonable diligence, could have mitigated the alleged

24   monetary damages to himself.  The Plaintiff failed to exercise such reasonable diligence and has

25   not mitigated such alleged monetary damages.  By reason thereof, he is barred, in whole or in

26   part, from recovering any damages from Defendant.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Punitive Damages)

The Complaint and each cause of action alleged therein is barred, in whole or in part, because Plaintiff fails to allege facts sufficient to state a claim for punitive damages against Defendant.

## PRAYER

WHEREFORE, Defendant prays as follows:

1.   That judgment be entered in favor Defendant and against the Plaintiff;

2.   That Plaintiff takes nothing by his Complaint and that said Complaint be dismissed, in its entirety, with prejudice;

3.   That Defendant be awarded its costs of suit herein;

4.   That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

5.   For such other additional relief as this Court deems just and proper.


Dated: June 29, 2011                          DRINKER BIDDLE & REATH LLP

                                              By: _____
                                                  Heather M. Sager
                                                  Ayse Kuzucuoglu

                                              Attorneys for Defendant
                                              E*TRADE FINANCIAL ADVISORY
                                              SERVICES, INC.

SF01/ 768752.1                    - 6 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105-2235. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 29, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT E*TRADE FINANCIAL ADVISORY SERVICES, INC'S ANSWER TO PLAINTIFF'S COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Gary G. Goyette, Esq.
Goyette & Associates, Inc.
11344 Coloma Dr., # 145
Gold River, CA 95670
Phone: (916) 851-1900
Fax: (916) 851-1995

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 29, 2011, at San Francisco, California.

_____
Jessica Cano

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT D

Business Search - Business Entities - Business Programs          Page 1 of 2

# Business Entity Detail

Data is updated weekly and is current as of Friday, June
03, 2011. It is not a complete or certified record of the
entity.

| | |
|---|---|
| Entity Name: | MODIS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS: MODIS IT, INC. |
| Entity Number: | C2063205 |
| Date Filed: | 12/17/1997 |
| Status: | ACTIVE |
| Jurisdiction: | FLORIDA |
| Entity Address: | ONE INDEPENDENT DRIVE, SUITE 800 |
| Entity City, State, Zip: | JACKSONVILLE FL 32202 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the
California Secretary of State's database.

- If the status of the corporation is "Surrender," the
  agent for service of process is automatically revoked.
  Please refer to California Corporations Code section
  2114 for information relating to service upon
  corporations that have surrendered.
- For information on checking or reserving a name, refer
  to Name Availability.
- For information on ordering certificates, copies of
  documents and/or status reports or to request a more
  extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search
  Tips.

Business Search - Business Entities - Business Programs               Page 2 of 2

- For descriptions of the various fields and status
  types, refer to Field Descriptions and Status
  Definitions.

Privacy Statement | Free Document Readers

Copyright © 2011    California Secretary of State

# EXHIBIT E

# Business Entity Detail

Data is updated weekly and is current as of Friday, June 03, 2011. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | E*TRADE FINANCIAL ADVISORY SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS E-TRADE FINANCIAL ADVISORY SERVICES, INC. |
| **Entity Number:** | C3168677 |
| **Date Filed:** | 11/14/2008 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | DELAWARE |
| **Entity Address:** | 671 N GLEBE ROAD |
| **Entity City, State, Zip:** | ARLINGTON VA 22203 |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| **Agent Address:** | 2730 GATEWAY OAKS DR STE 100 |
| **Agent City, State, Zip:** | SACRAMENTO CA 95833 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.

Business Search - Business Entities - Business Programs          Page 2 of 2

- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers
Copyright © 2011    California Secretary of State

# EXHIBIT F

1   STEPHEN C. TEDESCO, 130325
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108
    Telephone:    415.433.1940
4   Facsimile:    415.399.8490

5   Attorneys for Defendant
    MODIS, INC.

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10  CHESTER J. HOGAN, JR.,                Case No.  CGC-11-511307

11              Plaintiff,                **DEFENDANT MODIS, INC.'S NOTICE
                                          TO STATE COURT OF REMOVAL OF
12      v.                                ACTION TO FEDERAL COURT**

13  MODIS, INC., a corporation dba in
    California as MODIS, INC., E*TRADE     Complaint Filed:    May 27, 2011
14  FINANCIAL ADVISORY SERVICES,
    INC., a corporation dba in California as
15  E*TRADE FINANCIAL ADVISORY
    SERVICES, INC., and DOES 1-10,
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that on June 30, 2011, Defendant Modis, Inc. removed the above-captioned action from the Superior Court to the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332(a)(1), 1441(a) and 1446. A true and correct copy of Defendant Modis, Inc.'s Notice of Removal and the accompanying exhibits is attached hereto as Exhibit "1."

Pursuant to 28 U.S.C. section 1446, the filing of these documents with the District Court, combined with the written notice that is being given to the Superior Court and to all parties that these events have occurred, effects the removal of this action, and the Superior Court may proceed no further unless and until this case is remanded.

Dated: June 29, 2011

STEPHEN C. TEDESCO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MODIS, INC.

Firmwide:102458258.1 004544.1188

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415 433 1940

DEFENDANT MODIS, INC.'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT G

1   STEPHEN C. TEDESCO, 130325
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108
    Telephone:    415.433.1940
4   Facsimile:     415.399.8490

5   Attorneys for Defendant
    MODIS, INC.

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10  CHESTER J. HOGAN, JR.,              Case No.  CGC-11-511307

11              Plaintiff,              **DEFENDANT MODIS, INC.'S NOTICE TO
                                        PLAINTIFF, CO-DEFENDANT AND
12       v.                             STATE COURT OF REMOVAL OF
                                        ACTION TO FEDERAL COURT**
13  MODIS, INC., a corporation dba in
    California as MODIS, INC., E*TRADE
14  FINANCIAL ADVISORY SERVICES,        Complaint Filed:    May 27, 2011
    INC., a corporation dba in California as
15  E*TRADE FINANCIAL ADVISORY
    SERVICES, INC., and DOES 1-10,
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANT MODIS, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT

1    TO PLAINTIFF CHESTER J. HOGAN, JR. , DEFENDANT E*TRADE FINANCIAL

2    ADVISORY SERVICES, INC AND THEIR COUNSEL OF RECORD, AND TO THE

3    CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN

4    FRANCISCO:

5           PLEASE TAKE NOTICE THAT on June 30, 2011, Defendant, Modis, Inc.

6    ("Defendant") filed in the United States District Court for the Northern District of California,

7    Defendant's Notice of Removal of the above-entitled action from the Superior Court of the State of

8    California, County of San Francisco, to said United States District Court pursuant to 28 U.S.C.

9    Sections 1332(a)(1), 1441(a) and 1446.

10          A true and correct copy of Defendant's Notice of Removal and the accompanying

11   exhibits is attached hereto as Exhibit "1."

12          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

13   said Notice of Removal of Civil Action with the United States District Court, together with the filing

14   of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this

15   Court may proceed no further unless and until the case is remanded.

16

17   Dated: June 29 , 2011

18

19                                      STEPHEN C. TEDESCO
20                                      LITTLER MENDELSON
                                        A Professional Corporation
21                                      Attorneys for Defendant
                                        MODIS, INC.

22
     Firmwide:102458603.1 004544.1188
23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415 433 1940

DEFENDANT MODIS, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT